## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LAVIE CARE CENTERS, LLC, *et al.*[1] | ) Case No. 24-55507 (PMB) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

### DEBTORS' EMERGENCY MOTION FOR ENTRY
### OF INTERIM AND FINAL ORDERS AUTHORIZING PAYMENT OF
### PREPETITION OBLIGATIONS OWED TO RESIDENT CARE VENDORS

LaVie Care Centers, LLC ("LaVie") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (the "Interim Order" and the "Final Order," respectively), granting the relief described below.  In support thereof, the Debtors rely upon the *Declaration of M. Benjamin Jones in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[2] filed contemporaneously herewith.  In further support of the Motion, the Debtors respectfully represent as follows:

### RELIEF REQUESTED

1.    By the Motion, the Debtors respectfully request entry of the Interim Order and the Final Order, authorizing, but not directing, the Debtors to pay all or a portion of its Resident Care

---

[1]    The last four digits of LaVie Care Centers, LLC's federal tax identification number are 5592.  There are 282 Debtors in these chapter 11 cases, for which the Debtors have requested joint administration.  A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/LaVie.  The location of LaVie Care Centers, LLC's corporate headquarters and the Debtors' service address is 1040 Crown Pointe Parkway, Suite 600, Atlanta, GA 30338.

[2]    Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

Vendor Claims (as defined below) in an amount not to exceed $25,000 per vendor per Facility (as defined herein) and $200,000 in the aggregate, on an interim basis, and $25,000 per vendor per Facility and $500,000 in the aggregate, on a final basis (with respect to each of the interim and final periods, as applicable, the "Resident Care Vendor Cap").

2.    The Debtors further propose that if a Resident Care Vendor (as defined below) accepts a payment on account of a prepetition obligation of the Debtors (a "Vendor Payment") and thereafter fails to provide the Debtors with goods and services on a continuing basis, the Debtors seek authority to treat any Vendor Payment received by such Resident Care Vendor as an unauthorized postpetition transfer under section 549 of title 11 of the United States Code (the "Bankruptcy Code").    Under such circumstances, the Debtors propose that they may (a) recover from the Resident Care Vendor in cash or goods or (b) at the Debtors' option, apply the Vendor Payment as a credit against any outstanding postpetition claims held by the Resident Care Vendor.    Upon recovery of such Vendor Payment, the Debtors propose that the prepetition claim of the Resident Care Vendor be reinstated, less the Debtors' reasonable fees and costs in recovering such amounts.

3.    The Debtors further propose that, on acceptance of a Vendor Payment, a Resident Care Vendor shall be deemed to have waived any and all defenses it might otherwise have against the Debtors with respect to any action commenced by the Debtors under Bankruptcy Code section 549.

4.    The Debtors also request that the Interim Order and the Final Order authorize the Debtors' banks and other financial institutions (collectively, the "Banks") to receive, process, honor, and pay any and all checks and other forms of payment drawn on the Debtors' bank accounts, including fund transfers and electronic payment requests, to the extent they relate to any

of the foregoing and to rely on the Debtors' direction to pay amounts authorized under the Motion, provided that sufficient funds are available in the applicable accounts to make such payments.

## JURISDICTION AND VENUE

5.    The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

6.    The legal predicates for the relief requested herein are Bankruptcy Code sections 105(a), 363(b), 503(b)(9), 1107(a), and 1108, Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 9006-2, 9013-1, and 9013-2 of the Local Rules of Practice for the United States Bankruptcy Court for the Northern District of Georgia (the "Local Rules"), and the *Second Amended and Restated General Order 26-2019, Procedures for Complex Chapter 11 Cases*, dated February 6, 2023 (the "Complex Case Procedures").

## BACKGROUND

**I.    The Chapter 11 Cases**

7.    On the date hereof (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Court").  The Debtors continue to operate their business and manage their property as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

8.    To date, the Office of the United States Trustee for Region 21 (the "U.S. Trustee") has not appointed an official committee in the Chapter 11 Cases, nor has any trustee or examiner been appointed.

9.      Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the First Day Declaration.

## II.    The Resident Care Vendors

10.     As discussed in greater detail in the First Day Declaration, certain of the Debtors in the Chapter 11 Cases manage and/or operate 43 licensed facilities providing a variety of acute care and rehabilitative services to primarily elderly residents (each, a "Facility" and, collectively, the "Facilities") in Pennsylvania, Mississippi, North Carolina, Virginia, and Florida.  In the ordinary course of business, and to maintain quality care for their residents, the Facilities require a steady supply of goods and services from various vendors (the "Resident Care Vendors"), including, among others, medical supplies, maintenance and repairs, and other critical services.  Many of the Resident Care Vendors are owed payment for goods and services provided before the Petition Date (such payment or payments, a "Resident Care Vendor Claim" or "Resident Care Vendor Claims").

11.     The continued, uninterrupted provision of goods and services provided by the Resident Care Vendors plays a crucial role in the Debtors' ability to fulfill their ongoing responsibility to the care, safety, and general welfare of the residents of their Facilities.  In some cases, local, state, and federal law require the Debtors to provide services that are available only from certain Resident Care Vendors, including those needed to comply with regulations applicable to skilled nursing facilities.  As such, a disruption of the supply of such goods and services could jeopardize the availability of life-saving care and could compromise the Debtors' ability to maintain legally-mandated resident care and safety standards in their Facilities.

12.     Moreover, many of the Debtors' Facilities operate in remote, rural locations, where finding suitable replacements for the goods and services provided by the Resident Care Vendors

4

would be particularly difficult, time-consuming, and expensive, creating further need to preserve the existing business relationships with the Resident Care Vendors.  Accordingly, by the Motion, the Debtors seek authority, but not direction, to pay the Resident Care Vendor Claims in the ordinary course of business, including prepetition amounts up to the applicable Resident Care Vendor Cap, consistent with prepetition practices.

## **BASIS FOR RELIEF REQUESTED**

**I.      Only Essential Resident Care Vendors Will be Paid for Prepetition Amounts.**

13.     The Debtors, with the assistance of their advisors, have determined that the ability to satisfy certain Resident Care Vendor Claims is necessary to maintain resident care at the Facilities.  For the avoidance of doubt, the Debtors seek this relief only insofar as a Resident Care Vendor is truly critical in maintaining standards of resident care, safety, and general welfare at the Facilities.

14.     To that end, before paying any Resident Care Vendor Claim, and with the assistance of their advisors, the Debtors will make a good faith determination that the payment of such Resident Care Vendor is actually essential to the preservation of the Debtors' estates.  The Debtors and their advisors will consider, among other things, whether the Resident Care Vendor is a sole source or limited source supplier within the area(s) in which one or more of the Facilities operate and whether the time and resources expended to find and retain a replacement of such Resident Care Vendor would be significant.  The Debtors and their advisors will also consider whether the loss of the Resident Care Vendor would unacceptably jeopardize the care, safety, and general welfare of the Facilities' residents.  Accordingly, the Debtors submit that payment of a Resident Care Vendor Claim, subsequent to the foregoing analysis, is merited.

**II.    Payment of the Resident Care Vendor Claims Will Avoid Immediate and Irreparable Harm to the Debtors and their Residents.**

15.    There is a very real risk that the Resident Care Vendors will not continue providing goods and services to the Debtors if they are not paid some or all of their Resident Care Vendor Claims, particularly at the Facilities in remote, rural locations.  The relief requested herein is designed specifically to ensure the Debtors' ability to operate each of their Facilities without interruption and to maintain standards of resident care, safety, and general welfare.  The Debtors—and, most importantly, their residents—will suffer irreparable harm if essential goods and services are not provided by the Resident Care Vendors, as the loss of such goods and services would impair the Debtors' ability to protect the well-being of their residents.

**III.    The Court May Authorize Payment of the Resident Care Vendor Claims Pursuant to Bankruptcy Code Sections 105(a), 363(b), 1107(a), and 1108.**

16.    The Debtors, operating their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108, are fiduciaries "holding the bankruptcy estate and operating the business for the benefit of its creditors and (if the value justifies) equity owners." *In re CoServ, LLC*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).  "Implicit in the duties of a chapter 11 … debtor-in-possession … is the duty to protect and preserve the estate, including an operating business's going-concern value." *Id.*  Consistent with a debtor's fiduciary duties to preserve the estate, courts have authorized payment of prepetition obligations pursuant to Bankruptcy Code sections 105(a) and 363(b).  *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (stating that section 363(b) provides the court "broad flexibility in tailoring its orders" where a debtor's request to satisfy prepetition claims is supported by a proper business justification).

17.    Pursuant to Bankruptcy Code section 363(b), a debtor's decision to use, sell, or lease assets outside the ordinary course of business under Bankruptcy Code section 363(b) must

be based upon the sound business judgment of the debtor.  *See In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *see also In re Chateaugay Corp.*, 973 F.2d 141, 145 (2d Cir. 1992) (holding that a judge determining a section 363(b) application must find from the evidence presented before him or her a good business reason to grant such application).  In the Eleventh Circuit, in order to demonstrate the soundness of a debtor's judgment in paying vendors for prepetition claims, the debtor must demonstrate that (a) the payments are necessary for reorganization, (b) the vendors would otherwise refuse to do business with the debtor, and (c) the disfavored creditors will be as well off with the order as they would have been without it.  *See In re News Pub. Co.*, 488 B.R. 241, 244 (Bankr. N.D. Ga. 2013) (citing *In re Tropical Sportswear Int'l Corp.*, 320 B.R. 15, 16 (Bankr. M.D. Fla. 2005)).

18. The current circumstances satisfy the foregoing criteria and warrant payment of the Resident Care Vendor Claims.  As stated previously, the Debtors have reason to believe that the Resident Care Vendors may refuse to continue to provide goods and services unless they receive some or all of the outstanding prepetition payments.  Many of these Resident Care Vendors are small business owners or local vendors in rural areas who depend on up-front (or near up-front) payment of their fees, and therefore will be unwilling to continue to provide goods and services unless and until the outstanding fees are paid.  The risk of losing the goods and services provided by such Resident Care Vendors poses an imminent and extreme risk to the health, safety, and general welfare of the Debtors' residents, and by extension poses an immediate and extreme risk to the Debtors' business as well as the preservation of the Debtors' estates at this early stage in the Chapter 11 Cases.

19. Moreover, certain of the Resident Care Vendor Claims may be entitled to administrative priority, meaning that they would merely be receiving their entitlements earlier in

the chapter 11 process, thus not prejudicing other creditors.  The latter also stand to benefit from the relief sought under this Motion, as the requested relief will help preserve value of the Debtors' estates to the benefit of all parties-in-interest.

20.    In addition, courts may authorize payment of prepetition claims in appropriate circumstances under Bankruptcy Code section 105(a), which empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept."  *Ionosphere Clubs*, 98 B.R. at 175.  Under Bankruptcy Code section 105(a), the Court "can permit pre-plan payment of a prepetition obligation when essential to the continued operation of the debtor."  *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992).

21.    The Debtors submit that the requested relief represents a sound exercise of their business judgment, is justified under Bankruptcy Code sections 105(a), 363(b), and 503(b)(9), and is in line with the relief granted in this and other districts.  As further set forth in this Motion, the Debtors have sound business reasons for seeking authority to pay the Resident Care Vendors Claims.  As discussed above, the Debtors rely on the goods and services provided by the Resident Care Vendors to maintain quality resident care in their Facilities and, absent payment of the Resident Care Vendors Claims, the Debtors' ability to do so would be jeopardized.  Moreover, securing replacement vendors without disrupting the Facilities' operations would be extremely difficult and may impact the Debtors' ability to maintain high-quality care for their residents. Accordingly, the Debtors' ability to pay Resident Care Vendor Claims is therefore necessary to the well-being of the Debtors' residents, business, and estates in these Chapter 11 Cases.

22.     As set forth above, the relief requested herein is specifically designed only to pay those Resident Care Vendor Claims where nonpayment of such claims would lead to the interruption of the Debtors' operations, and the proposed Resident Care Vendor Cap is not substantial, thereby further ensuring that the Debtors only pay Resident Care Vendor claims that are truly essential.  Moreover, the Debtors believe that a portion of the Resident Care Vendor Claims may be entitled to administrative expense priority pursuant to Bankruptcy Code section 503(b)(9).  As such, to the extent any Resident Care Vendor may be entitled to administrative priority under Bankruptcy Code section 503(b)(9), payment of such Resident Care Vendor Claim would merely expedite the treatment it would be entitled to under the Bankruptcy Code and would not prejudice other creditors.

**IV.    Cause Exists to Authorize the Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers.**

23.     The Debtors also request that all applicable banks and other financial institutions be authorized to receive, process, honor, and pay all checks presented for payment, and to honor all electronic payment requests made by the Debtors, related to the obligations described herein, whether such checks were presented or electronic requests were submitted prior to or after the Petition Date.  The Debtors further request that all such banks and financial institutions be authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to the Motion.  The Debtors represent that they have sufficient availability of funds to pay any amounts described herein.

## EMERGENCY CONSIDERATION

24.     The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and

irreparable harm." Fed. R. Bankr. P. 6003. Here, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these Chapter 11 Cases would severely disrupt the Debtors' operations at this critical juncture. As discussed herein, nonpayment of the Resident Care Vendors could jeopardize the well-being and care of the residents living in the Facilities, to the detriment of the residents, the Debtors' business, and all stakeholders in these Chapter 11 Cases. Accordingly, the Debtors submit that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## WAIVER OF ANY APPLICABLE STAY

25.     The Debtors seek a waiver of any stay of the effectiveness of the order granting this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

## RESERVATION OF RIGHTS

26.     Nothing in the Motion should be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted

10

by bankruptcy or applicable non-bankruptcy law; (c) a promise or requirement to pay any claim or other obligation; or (d) granting third-party-beneficiary status, bestowing any additional rights on any third party, or being otherwise enforceable by any third party.

## NOTICE

27.     The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the United States Attorney for the Northern District of Georgia; (d) the Attorney General for the State of Georgia; (e) the Georgia Department of Revenue; (f) the Centers for Medicare and Medicaid Services; (g) the states attorneys general for states in which the Debtors conduct business; (h) the parties included on the Debtors' list of their 30 largest unsecured creditors; (i) counsel to the Debtors' prepetition lenders; (j) counsel to the proposed DIP Lenders; and (k) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

28.     No previous request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Interim and Final Orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Atlanta, Georgia               **MCDERMOTT WILL & EMERY LLP**
June 2, 2024

*/s/ Daniel M. Simon*
Daniel M. Simon (Georgia Bar No. 690075)
1180 Peachtree St. NE, Suite 3350
Atlanta, Georgia 30309
Telephone:    (404) 260-8535
Facsimile:    (404) 393-5260
Email:    dsimon@mwe.com

- and -

Emily C. Keil (*pro hac vice* pending)
Jake Jumbeck (*pro hac vice* pending)
Catherine Lee (*pro hac vice* pending)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:    ekeil@mwe.com
        jjumbeck@mwe.com
        clee@mwe.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date a true and correct copy of the foregoing Motion was served by the Court's CM/ECF system on all counsel of record registered in these Chapter 11 Cases through CM/ECF.  Subject to the Court's approval of their retention and access to filing privileges, the Debtors' proposed claims and noticing agent, Kurtzman Carson Consultants LLC, will be filing a supplemental certificate of service on the docket to reflect any additional service of the foregoing Motion.

Dated: Atlanta, Georgia  
        June 2, 2024

**MCDERMOTT WILL & EMERY LLP**

*/s/ Daniel M. Simon*  
Daniel M. Simon (Georgia Bar No. 690075)  
1180 Peachtree St. NE, Suite 3350  
Atlanta, Georgia 30309  
Telephone:      (404) 260-8535  
Facsimile:      (404) 393-5260  
Email:          dsimon@mwe.com

*Proposed Counsel for the Debtors and*  
*Debtors-in-Possession*

**EXHIBIT A**

**<u>Proposed Interim Order</u>**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LAVIE CARE CENTERS, LLC, *et al.*[1] | ) | Case No. 24-55507  (PMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to Docket No. ___** |

INTERIM ORDER (I) AUTHORIZING
PAYMENT OF PREPETITION OBLIGATIONS OWED TO
RESIDENT CARE VENDORS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for entry of an interim order (this "Order")

and a Final Order, authorizing, but not directing, the Debtors to pay all or a portion of its Resident

---

[1]   The last four digits of LaVie Care Centers, LLC's federal tax identification number are 5592.  There are 282 Debtors in these chapter 11 cases, for which the Debtors have requested joint administration.  A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/LaVie.  The location of LaVie Care Centers, LLC's corporate headquarters and the Debtors' service address is 1040 Crown Pointe Parkway, Suite 600, Atlanta, GA 30338.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Care Vendor Claims, all as more fully set forth in the Motion; and upon consideration of the First

Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2);

and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the

United States Constitution; and due and sufficient notice of the Motion having been given under

the particular circumstances; and the Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

and the Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and it appearing that no other or further

notice is necessary; and it appearing that the relief requested in the Motion is in the best interests

of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation

thereon; and good and sufficient cause appearing therefor; it is hereby

       **ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____,

2024, at _:_ _.m. (prevailing Eastern Time).  Any objections or responses to the entry of the

proposed Final Order shall be filed with the Court and served on the following no later 4:00 p.m.

(prevailing Eastern Time) on _____, 2024: (a) LaVie Care Centers, LLC, c/o Ankura Consulting

Group, LLC, 485 Lexington Avenue, 10th Floor, New York, NY 10017 (Attn: M. Benjamin

Jones); (b) proposed counsel to the Debtors, McDermott Will & Emery LLP, 1180 Peachtree St.

NE, Suite 3350, Atlanta, GA 30309 (Attn: Daniel M. Simon), and 444 West Lake Street, Suite

4000, Chicago, IL 60606 (Attn: Emily C. Keil); (c) counsel to the Prepetition Omega Secured

Parties and proposed DIP Lenders, Scroggins & Williamson, P.C., 4401 Northside Parkway, Suite 450, Atlanta, GA 30327 (Attn: Matthew W. Levin), and Goodwin Proctor LLP, The New York Times Building, 620 Eighth Avenue, New York, NY 10018 (Attn: Robert J. Lemons), and Ferguson Braswell Fraser Kubasta PC, 2500 Dallas Parkway, Suite 600, Plano, TX 75093 (Attn: Leighton Aiken); (d) counsel to the Debtors' prepetition ABL lender, Proskauer LLP, One International Place, Boston, MA 02110 (Attn: Charles A. Dale) and Vedder Price LLP, 222 North LaSalle Street, Chicago, IL 60601 (Attn: Kathryn L. Stevens); (e) counsel to the Debtors' proposed DIP Lenders, DLA Piper LLP, 1900 N. Pearl St., Suite 2200, Dallas, TX 75201 (Attn: James Muenker) and 1251 Avenue of the Americas, New York, NY 10020 (Attn: Kira Mineroff); (f) the Office of the United States Trustee for Region 21, 362 Richard Russell Building & U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303 (Attn: Jonathan S. Adams); (g) counsel to the official committee of unsecured creditors (if any) appointed in these Chapter 11 Cases; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  If no objections to entry of the Final Order are filed and served, the Court may enter such Final Order without further notice or hearing.

3.      The Debtors are authorized, but not directed, to pay some or all of the Resident Care Vendor Claims.

4.      The Debtors' payment of the Resident Care Vendor Claims shall not exceed $25,000 per vendor per Facility, and $200,000 in the aggregate, during the period from the date of this Order until the date that a final order is entered in this matter (during such period, the "Interim Resident Care Vendor Cap"), unless otherwise ordered by the Court, as set forth herein.

5.      As a condition of receiving payment on a Resident Care Vendor Claim, the Debtors are authorized, in their sole discretion, to require that such Resident Care Vendor agree to take

whatever action is necessary to remove any trade liens at such Resident Care Vendor's sole cost and expense and waive any right to assert a trade lien on account of the paid Resident Care Vendor Claim.

6.    If a Resident Care Vendor that has received payment of a prepetition claim later refuses to continue to supply goods or services for the applicable period in compliance with this Order, then the Debtors may declare such payments to have been unauthorized postpetition transfers under Bankruptcy Code section 549, and may take any and all appropriate steps to cause such Resident Care Vendor to repay payments made to it on account of this Order, or apply such payments as credits against any outstanding postpetition claim held by such Resident Care Vendor. Upon recovery of a payment made in respect to a Resident Care Vendor Claim, such claim shall be reinstated as a claim in the amount so recovered, less the Debtors' reasonable costs of recovery.

7.    The banks and financial institutions on which checks were drawn or electronic payment requests made for payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

8.    The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to the relief granted herein.

9.    Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made and any relief or authorization granted hereunder shall be limited by, and shall be subject to, the requirements imposed on the Debtors in the Interim DIP Order, including,

for the avoidance of doubt, the Approved DIP Budget. To the extent of any conflict (but solely to the extent of such conflict) between the terms of this Order and the terms of the Interim DIP Order, the terms of the Interim DIP Order will govern.

10.     Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise or requirement to pay any claim or other obligation; or (d) granting third-party-beneficiary status, bestowing any additional rights on any third party, or being otherwise enforceable by any third party.

11.     The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Local Rules, and the Complex Case Procedures are satisfied by such notice.

13.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

14.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15.     The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

16.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

END OF ORDER

Prepared and presented by:

/s/ *Daniel M. Simon*
Daniel M. Simon (Georgia Bar No. 690075)
**MCDERMOTT WILL & EMERY LLP**
1180 Peachtree Street NE, Suite 3350
Atlanta, Georgia 30309
Telephone:    (404) 260-8535
Facsimile:    (404) 393-5260
Email:        dsimon@mwe.com

- and -

Emily C. Keil (*pro hac vice* pending)
Jake Jumbeck (*pro hac vice* pending)
Catherine Lee (*pro hac vice* pending)
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:        ekeil@mwe.com
              jjumbeck@mwe.com
              clee@mwe.com

*Proposed Counsel for the Debtors and
Debtors-in-Possession*

7

## **Distribution List**

LaVie Care Centers, LLC
c/o Ankura Consulting Group, LLC,
485 Lexington Avenue, 10th Floor,
New York, NY 10017
Attn: M. Benjamin Jones

Daniel M. Simon
McDermott Will & Emery LLP
1180 Peachtree Street NE, Suite 3350
Atlanta, GA 30309

Emily C. Keil
McDermott Will & Emery LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606

Kurtzman Carson Consultants LLC
222 N. Pacific Coast Highway, 3rd Floor
El Segundo, CA 90245

Jonathan S. Adams
Office of the United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

**EXHIBIT B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LAVIE CARE CENTERS, LLC, *et al.*[1] | ) | Case No. 24-55507 (PMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to Docket No. ___** |
| | ) | |

**FINAL ORDER (I) AUTHORIZING PAYMENT OF PREPETITION OBLIGATIONS**
**OWED TO RESIDENT CARE VENDORS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an Interim Order and a final

order (this "Order") authorizing, but not directing, the Debtors to pay all or a portion of its Resident

Care Vendor Claims, all as more fully set forth in the Motion; and upon consideration of the First

---

[1]     The last four digits of LaVie Care Centers, LLC's federal tax identification number are 5592.  There are 282
Debtors in these chapter 11 cases, for which the Debtors have requested joint administration.  A complete list of
the Debtors and the last four digits of their federal tax identification numbers are not provided herein.  A complete
list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at
https://www.kccllc.net/LaVie.  The location of LaVie Care Centers, LLC's corporate headquarters and the
Debtors' service address is 1040 Crown Pointe Parkway, Suite 600, Atlanta, GA 30338.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Day Declaration and the Interim Order entered on _____, 2024; and the Court having

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the matter being a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the

Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being

able to issue a final order consistent with Article III of the United States Constitution; and due and

sufficient notice of the Motion having been given under the particular circumstances; and the Court

having reviewed the Motion and having heard the statements in support of the relief requested

therein at a hearing before this Court (the "Hearing"); and the Court having determined that the

legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief

granted herein; and it appearing that no other or further notice is necessary; and it appearing that

the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors,

and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause

appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to , to pay some or all of the Resident

Care Vendor Claims.

3.      Debtors' payment of the Resident Care Vendor Claims shall not exceed $25,000

per vendor per Facility, and $500,000 in the aggregate (during such period, the "Resident Care

Vendor Cap"), unless otherwise ordered by the Court, as set forth herein.

4.      As a condition of receiving payment on a Resident Care Vendor Claim, the Debtors

are authorized, in their sole discretion, to require that such Resident Care Vendor agree to take

whatever action is necessary to remove any trade liens at such Resident Care Vendor's sole cost

and expense and waive any right to assert a trade lien on account of the paid Resident Care Vendor Claim.

5.      If a Resident Care Vendor that has received payment of a prepetition claim later refuses to continue to supply goods or services for the applicable period in compliance with this Order, then the Debtors may declare such payments to have been unauthorized postpetition transfers under Bankruptcy Code section 549, and may take any and all appropriate steps to cause such Resident Care Vendor to repay payments made to it on account of this Order, or apply such payments as credits against any outstanding postpetition claim held by such Resident Care Vendor. Upon recovery of a payment made in respect to a Resident Care Vendor Claim, such claim shall be reinstated as a claim in the amount so recovered, less the Debtors' reasonable costs of recovery.

6.      The banks and financial institutions on which checks were drawn or electronic payment requests made for payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

7.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to the relief granted herein.

8.      Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made and any relief or authorization granted hereunder shall be limited by, and shall be subject to, the requirements imposed on the Debtors in the Interim DIP Order, including, for the avoidance of doubt, the Approved DIP Budget. To the extent of any conflict (but solely to

the extent of such conflict) between the terms of this Order and the terms of the Interim DIP Order, the terms of the Interim DIP Order will govern.

9.      Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise or requirement to pay any claim or other obligation; or (d) granting third-party-beneficiary status, bestowing any additional rights on any third party, or being otherwise enforceable by any third party.

10.      The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

11.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Local Rules, and the Complex Case Procedures are satisfied by such notice.

12.      Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

13.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

14.      The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

15.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

END OF ORDER

Prepared and presented by:

/s/ *Daniel M. Simon*
Daniel M. Simon (Georgia Bar No. 690075)
**MCDERMOTT WILL & EMERY LLP**
1180 Peachtree Street NE, Suite 3350
Atlanta, Georgia 30309
Telephone:    (404) 260-8535
Facsimile:    (404) 393-5260
Email:        dsimon@mwe.com

- and -

Emily C. Keil (*pro hac vice* pending)
Jake Jumbeck (*pro hac vice* pending)
Catherine Lee (*pro hac vice* pending)
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:        ekeil@mwe.com
              jjumbeck@mwe.com
              clee@mwe.com

*Proposed Counsel for the Debtors and*
*Debtors-in-Possession*

## **Distribution List**

LaVie Care Centers, LLC
c/o Ankura Consulting Group, LLC,
485 Lexington Avenue, 10th Floor,
New York, NY 10017
Attn: M. Benjamin Jones

Daniel M. Simon
McDermott Will & Emery LLP
1180 Peachtree Street NE, Suite 3350
Atlanta, GA 30309

Emily C. Keil
McDermott Will & Emery LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606

Kurtzman Carson Consultants LLC
222 N. Pacific Coast Highway, 3rd Floor
El Segundo, CA 90245

Jonathan S. Adams
Office of the United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303