

**IT IS ORDERED as set forth below:**

Date: July 2, 2024

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LAVIE CARE CENTERS, LLC, *et al.*[1] | ) | Case No. 24-55507 (PMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to Docket No. 216** |
| | ) | |

**ORDER (I) ESTABLISHING
BAR DATES FOR FILING CLAIMS AGAINST
THE DEBTORS; AND (II) GRANTING RELATED RELIEF**

The Debtors named above commenced these chapter 11 cases on June 2, 2024 (the "Filing Date"), and filed the *Debtors' Motion for Entry of an Order (I) Establishing Bar Dates for Filing Claims Against the Debtors; and (II) Granting Related Relief* (the "Motion") on July 1, 2024 (the "Motion") [Docket No. 216]. Upon review of same, it is

---

[1] The last four digits of LaVie Care Centers, LLC's federal tax identification number are 5592. There are 282 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/LaVie. The location of LaVie Care Centers, LLC's corporate headquarters and the Debtors' service address is 1040 Crown Pointe Parkway, Suite 600, Atlanta, GA 30338.

**ORDERED** that the Motion be, and the same hereby is, **GRANTED** as follows, and it is

**ORDERED AND NOTICE IS HEREBY GIVEN** that each creditor and party-in-interest who seeks to prove a claim[2] arising on or prior to the Filing Date (a "Prepetition Claim") against Debtors, the Debtors' property, or the Debtors' estates including, but not limited to, any Prepetition Claim secured by a lien, security interest, or encumbrance against the Debtors' property, and any Prepetition Claim arising from the rejection of an executory contract or unexpired lease as provided herein, which is required under the Bankruptcy Code to be filed in this case, **SHALL FILE A PROOF OF CLAIM BY (A) SUBMITTING A PROOF OF CLAIM ELECTRONICALLY BY COMPLETING THE PROOF OF CLAIM FORM ON KCC'S WEBSITE https://epoc.kccllc.net/LaVie, OR (B) SENDING A COMPLETED PROOF OF CLAIM FORM TO:**

**LaVie Care Centers, LLC
Claims Processing Center
c/o KCC
222 N. Pacific Coast Hwy., Ste. 300
El Segundo, CA 90245**

**on or before AUGUST 30, 2024 at 5:00 p.m. (prevailing Eastern Time)** (hereinafter, the "General Bar Date") for all persons or entities, other than governmental units,[3] **and NOVEMBER 29, 2024 at 5:00 p.m. (prevailing Eastern Time)** for governmental units holding a claim against the Debtors arising (or deemed to arise) on or before the Filing Date. Proof of Claims shall **NOT** be submitted by facsimile, telecopy, e-mail, or other electronic means (except for an electronic Proof of Claim), and Proofs of Claim submitted by such means shall not be deemed timely filed.

---

[2] "Claim" shall have the meaning ascribed to such term in 11 U.S.C. § 101(5).

[3] "Governmental unit" shall have the meaning ascribed to such term in 11 U.S.C. § 101(27).

The Bankruptcy Code, 11 U.S.C. § 1111, provides that a proof of claim is deemed filed for any Prepetition Claim that appears in the Debtors' Schedules **EXCEPT** any such claim that is scheduled as disputed, contingent, or unliquidated as to amount.  The Debtors' Schedules may be examined at the Office of the Clerk, U.S. Bankruptcy Court, and may also be examined online at ***http://ecf.ganb.uscourts.gov*** (for registered users) or at ***http://pacer.psc.uscourts.gov*** (for unregistered users).  Any creditor and any party-in-interest whose Prepetition Claim is set forth in the Schedules in the correct amount and is not shown as disputed, contingent, or unliquidated as to amount, **MAY, BUT NEED NOT**, file a proof of claim in these Chapter 11 Cases.  For the avoidance of doubt, all persons and entities asserting a claim against more than one Debtor must file a separate claim for each such Debtor on or before the applicable Bar Date associated with such claim.

Unless barred by previous order of the Bankruptcy Court, **creditors and parties-in-interest whose Prepetition Claims are not scheduled, are scheduled in an incorrect amount, or are scheduled as disputed, contingent, or unliquidated** and who desire to participate in the case and share in any distribution **must file proofs of claim ON OR BEFORE THE APPLICABLE BAR DATE**.  If it is unclear from the Schedules whether your Prepetition Claim is disputed, contingent, unliquidated or incorrect as to amount, or is otherwise improperly scheduled, you must file a proof of claim **ON OR BEFORE THE APPLICABLE BAR DATE**. Any creditor and any party-in-interest who desires to rely on the Schedules has the duty to determine whether their Prepetition Claim is accurately listed.

All Proof of Claims, other than those filed electronically, must be filed with <u>**original signatures**</u>, be written in English, and be denominated in lawful currency of the United States.

You should attach to your completed Proof of Claim copies of any documents on which the claim is based or an explanation as to why such documents are not available.

**YOU ARE HEREBY FURTHER NOTIFIED THAT, PURSUANT TO THE TERMS OF THIS ORDER, ANY CREDITOR AND ANY PARTY-IN-INTEREST REQUIRED TO FILE A PROOF OF CLAIM WHO FAILS TO DO SO BY THE APPLICABLE BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING THE PREPETITION CLAIM AGAINST THE DEBTORS AND THE DEBTORS' ESTATES AND SHALL BE BARRED FROM PARTICIPATING IN ANY PLAN OF REORGANIZATION AS MAY BE CONFIRMED IN THESE CHAPTER 11 CASES WITH REGARD TO SUCH PREPETITION CLAIM.**

Any creditor whose Prepetition Claim arises from the rejection of an executory contract or unexpired lease after the date of this Order, but prior to the entry of an Order by the Bankruptcy Court confirming the plan of reorganization for the Debtors, **MUST FILE** a Proof of Claim within thirty (30) days from the date of entry of the Order rejecting the contract or lease; however, in no event shall the deadline set forth in this paragraph be **EARLIER THAN THE GENERAL BAR DATE**.

For clarity, this Order does not apply to claims arising after the Filing Date, including claims under 11 U.S.C. § 503; *provided, however*, any claimant asserting a claim pursuant to Bankruptcy Code section 503(b)(9) (each, a "503(b)(9) Claim") must (i) complete the appropriate box in the Proof of Claim Form and, thereby, identify the amount of such claim believed to be entitled to administrative expense priority treatment under Bankruptcy Code section 503(b)(9); (ii) attach documentation supporting such claim; and (iii) **MUST FILE** a Proof of Claim form **IN ADVANCE OF THE GENERAL BAR DATE**. To the extent that a claimant fails to identify

4

the existence and amount of its 503(b)(9) Claim on the Proof of Claim Form, the claim will not be regarded as a 503(b)(9) Claim, and the claim will not be entitled to priority treatment under Bankruptcy Code section 503(b)(9).

Counsel for the Debtors is hereby directed to serve a copy of this Order and Notice upon all creditors and parties-in-interest within five (5) business days of entry, and to file the appropriate certificate of service with this Court within three (3) business days thereafter. The Debtors are also authorized to publish a notice one time in the national edition of *The Wall Street Journal*, *The New York Times*, or *USA Today*, no later than five business days after entry of this Order and may, in the Debtors' discretion, supplement such publication in relevant local newspapers to apprise unknown creditors, specifically their former residents, of the General Bar Date. Such notice by publication provides due and proper notice to such potential claimants under the circumstances of these Chapter 11 Cases.

END OF DOCUMENT

Prepared and presented by:

*/s/ Daniel M. Simon*
Daniel M. Simon (Georgia Bar No. 690075)
**MCDERMOTT WILL & EMERY LLP**
1180 Peachtree Street NE, Suite 3350
Atlanta, Georgia 30309
Telephone:    (404) 260-8535
Facsimile:    (404) 393-5260
Email:         dsimon@mwe.com

- and -

Emily C. Keil (admitted *pro hac vice*)
Jake Jumbeck (admitted *pro hac vice*)
Catherine Lee (admitted *pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:         ekeil@mwe.com
              jjumbeck@mwe.com
              clee@mwe.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*

**Distribution List**

LaVie Care Centers, LLC
c/o Ankura Consulting Group, LLC,
485 Lexington Avenue, 10th Floor,
New York, NY 10017
Attn: M. Benjamin Jones

Daniel M. Simon
McDermott Will & Emery LLP
1180 Peachtree Street NE, Suite 3350
Atlanta, GA 30309

Emily C. Keil
McDermott Will & Emery LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606

Kurtzman Carson Consultants LLC
222 N. Pacific Coast Highway, 3rd Floor
El Segundo, CA 90245

Jonathan S. Adams
Office of the United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303